**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF GEORGIA**
**AUGUSTA DIVISION**

|  |  |
|---|---|
| IN RE:<br><br>**Michell Shantain Bennett-Ayers,**<br>**aka Michell Shantain Bennett,**<br>     **Debtor.** | **CHAPTER 13**<br>**CASE NO.: 23-10386-SDB** |
| **Wilmington Savings Fund Society,**<br>**FSB, Not In Its Individual Capacity**<br>**But Solely As Trustee For The**<br>**Holders Of SGRMT 2021-2**<br>**Mortgage Pass-Through Certificates,**<br>                             Movant,<br>v.<br><br>**Michell Shantain Bennett-Ayers,**<br>     **Debtor,**<br>**Huon Le,**<br>      **Trustee,**<br>               Respondents. | CONTESTED MATTER |

## <u>MOTION FOR RELIEF FROM THE AUTOMATIC STAY</u>

COMES NOW, Wilmington Savings Fund Society, FSB, Not In Its Individual Capacity But Solely As Trustee For The Holders Of SGRMT 2021-2 Mortgage Pass-Through Certificates (the "Movant"), by and through its undersigned counsel, moves for relief from the automatic stay and alleges as follows:

1.

The Court has jurisdiction over this matter pursuant to 11 U.S.C. § 362, FRBP 4001(a), and the various other applicable provisions of the United States Bankruptcy Code, Federal Rules of Bankruptcy Procedure, and the laws of the United States of America.

2.

Michell Shantain Bennett-Ayers (the "Debtor"), filed a petition for relief under Chapter 13 of the Bankruptcy Code on May 23, 2023.

3.

Movant is the holder or servicer of a loan secured by certain real property in which the Debtor has an interest.  Movant holds a security interest in the Debtor's real property now or formerly known as 513 Country Glen Dr, Grovetown, Georgia 30813 (the "Property") by virtue of a Security Deed dated July 21, 2021.  Said Security Deed secures a Note in the original principal amount of $165,750.00.  The promissory note has been duly endorsed.  Select Portfolio Servicing, Inc. is the servicer of the loan described in the Note and Mortgage and, as such, has the authority to initiate the instant action and any foreclosure on the Creditor's behalf.

4.

Movant alleges that the Debtor is in default to Movant under the terms of the loan documents, having failed to make certain post-petition mortgage payments that have come due.  As of November 6, 2023, the post-petition arrearage owed to Movant is $7,303.90 and consists of five (5) monthly mortgage payments $1,460.78, less a suspense balance of $0.00. An additional payment will come due December 1, 2023 and on the first day of each month thereafter until the loan is paid in full.

6.

Movant further alleges there appears to be no equity in the Property; therefore, the

Property is not necessary for effective reorganization. The current unpaid principal balance due under the loan documents is approximately $163,007.42. The Property is most recently valued at $195,000.00 by the Columbia County Tax Assessor's Office.

7.

Movant's security interest in the Property is not adequately protected due to the Debtor's failure to maintain the mortgage payments.

8.

Movant has incurred attorney's fees and costs as a result of filing this motion. These fees and costs are recoverable pursuant to the loan documents, and Movant seeks leave to recover these fees and costs under the remedies available therein.

9.

Pursuant to 11 U.S.C. § 362, Movant alleges that sufficient cause, including lack of adequate protection, exists for the automatic stay to be terminated.

WHEREFORE, Movant respectfully prays to the Court as follows:

(a) That the automatic stay under 11 U.S.C. § 362 be modified to allow Movant to pursue state remedies to protect its security interest in the Property, including, but not limited to, advertising to effectuate a foreclosure sale and gaining possession of the Property; to contact the Debtor via telephone or written correspondence to discuss potential loan workout or loss mitigation opportunities; and to perform property preservation as appropriate;

(b) That Movant's attorney's fees and costs incurred in filing and prosecuting this Motion be recoverable as pursuant to the loan documents and remedies available therein;

(c) That the fourteen (14) day stay of Bankruptcy Rule 4001(a)(3) be waived;

(d) That Movant be permitted to offer and provide Debtor with information regarding a potential forbearance, loan modification, refinance agreement, or other loan workout/loss mitigation agreement, and to enter into such an agreement with Debtor;

(e) That in the event of an Order granting relief from the automatic stay and said Order also instructing the Chapter 13 Trustee to cease disbursements on Movant's Proof of Claim, Fed. R. Bank. P. 3002.1 shall no longer apply as to Movant, as said Rule only applies in Chapter 13 cases in which claims secured by a principal residence are provided for under Section 1322(b)(5) of the Code in the Chapter 13 Plan; and

(f) For such other and further relief the Court deems just and proper.

Date:  December 8, 2023

**Robertson, Anschutz, Schneid, Crane & Partners, PLLC**

/s/ Brian K. Jordan
Brian K. Jordan
Georgia Bar #  113008
13010 Morris Road, Suite 450
Alpharetta, GA  30004

Telephone: 470-321-7112
Fax: 404-393-1425
Email: brjordan@raslg.com